UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD ROBBEN,<br><br>        Plaintiff,<br><br>vs.<br><br>DINO DICIANNO,<br><br>        Defendant. | 3:10-cv-00722-RCJ-VPC<br><br>**ORDER** |

Plaintiff Todd Robben and Defendant Dino Dicianno were coworkers at the Nevada Department of Taxation ("NDOT") in Carson City, Nevada until Plaintiff was terminated. Plaintiff sued Defendant in this Court, alleging that Defendant purposefully tainted his termination appeal hearing by obtaining protective orders against him through perjury. The Court granted summary judgment to Defendant, who has now moved for attorney's fees. For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff previously sued Dicianno, NDOT, and Vincent Cherpeski on September 8, 2009 on three causes of action related to alleged harassment in the workplace: (1) intentional interference with contractual relations; (2) Title VII violations; and (3) First Amendment violations pursuant to 42 U.S.C. § 1983. (*See* Second Am. Compl., Oct. 16, 2009, ECF No. 5-2 in Case No. 3:09-cv-00523-LRH-RAM). That action settled for $7500. (*See* J., July 8, 2010,

1  ECF No. 34 in Case No. 3:09-cv-00523-LRH-RAM).

2  In the present case, Plaintiff sued Dicianno based on events that occurred during the
3  pendency of his first case and after settlement. Defendant provided background information
4  indicating that in the summer of 2009, Plaintiff engaged in a "campaign of intimidation and
5  bullying of his coworkers and other State employees with repeated threats of lawsuits when
6  demands he made were not met and when he was coached regarding his conduct and
7  performance deficiencies," including sending more than seventy emails from his State email
8  account to Nevada Department of Personnel employees. (Mot. Summ. J. 1:28–2:6, Dec. 28,
9  2010, ECF No. 5). Defendant also alleged that Plaintiff engaged in a series of unauthorized
10 access of computer systems, including the sabotage and theft of data. (*See id.* 2–3). On June 30,
11 2009, Heidi Nelson, M.D., the doctor treating Plaintiff for a worker's compensation claim,
12 reported that Plaintiff denied being suicidal or homicidal, although he had told a nurse he was
13 "homicidal." (*See* Medical Report 2, June 30, 2009, ECF No. 5-1, at 4). Plaintiff was "agitated"
14 and "manic" during the examination and used "violent imagery" when explaining his feelings
15 about his employer, comparing his perception of his treatment by his employer to rape and
16 murder. (*Id.*). He denied an intent to actually hurt anyone. (*Id.*). When he became "increasingly
17 agitated," Dr. Nelson determined to send him to the hospital for an "urgent mental health
18 evaluation," but Plaintiff "became very angry" and left. (*Id.*). Dr. Nelson was concerned enough
19 to call the police and give them his license plate number. (*See id.*). Plaintiff also made
20 threatening postings on the Internet, including a September 16, 2009 posting warning the
21 defendants in the first action that "I see you too along with my friends [firearms manufacturers]
22 Smith and Wesson." (Mot. Summ. J. 5–6).

23  On September 17, 2009, Dicianno obtained an ex parte, one-month temporary order of
24 protection ("TOP") against Plaintiff in the Carson Township Justice Court. (*See* TOP, Sept. 17,
25 2009, ECF No. 5-1, at 8). The TOP required Plaintiff to stay away from his workplace at the

1  NDOT. (*See id.*).  Dicianno obtained a one-year extended order of protection ("EOP") on

2  October 16, 2009. (*See* EOP, Oct. 16, 2009, ECF No. 5-1, at 13).  On October 15, 2010,

3  Dicianno obtained a new TOP. (*See* TOP, Oct. 15, 2010, ECF No. 5-2, at 2).  Dicianno obtained

4  a new EOP on November 1, 2010. (*See* EOP, Nov. 1, 2010, ECF No. 5-2, at 8).

5      Plaintiff alleged that Dicianno obtained the latest two protective orders "with the

6  improper purpose of interfering with Plaintiff's due process right to appeal his termination, and

7  to punish Plaintiff for successfully prosecuting a civil rights case to judgment . . . ." (Compl. ¶ 5,

8  Nov. 18, 2010, ECF No. 1).  Plaintiff alleged Defendant knew that the hearing officer reviewing

9  Plaintiff's termination could not reinstate him on appeal if there were a protective order

10  preventing him from entering the workplace. (*See id.* ¶ 6).  Plaintiff sued Defendant in this Court

11  on two causes of action: (1) Retaliation and Procedural Due Process violations under 42 U.S.C. §

12  1983; and (2) Abuse of Process.  The Court dismissed, and Defendant has moved for attorney's

13  fees.

14  **II.  LEGAL STANDARDS**

15      Any "prevailing party" in a § 1983 case may move for reasonable attorney's fees as part

16  of its costs. 42 U.S.C. § 1988(b).  A defendant, however, may only recover fees directly

17  traceable to the defense of claims that are "frivolous." *Harris v. Maricopa Cnty. Superior Court*,

18  631 F.3d 963, 971 (9th Cir. 2011).  "A case may be deemed frivolous only when the 'result is

19  obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352

20  F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.

21  1981) (citation omitted)) (alteration in original).  Costs other than attorney's fees should be

22  awarded to a prevailing party upon motion. Fed. R. Civ. P. 54(d)(1).

23  **III.  ANALYSIS**

24      The Court dismissed the procedural due process claim because Plaintiff did not allege

25  that he received insufficient process at his termination hearing, but only that the substance of his

hearing was tainted by the protective order against him that had allegedly been obtained though perjured testimony.  The Court then declined to exercise supplemental jurisdiction over the abuse of process claim but noted it was likely not viable unless and until Plaintiff was relieved from the judgment of the Justice Court under Nevada Rule 60(b) or won an appeal of its order.  The Court noted that there was no jurisdiction to hear any claim the resolution of which could imply the invalidity of the Justice Court's orders of protection.

Under § 1988(b), Defendant is entitled only to fees spent due to the defense of frivolous claims. *Harris*, 631 F.3d at 971.  The Court finds that the § 1983 claim in this case, which was the basis of federal jurisdiction and hence the cause of the defense undertaken in this Court, was not obviously frivolous.  Plaintiff did not sufficiently make out a procedural due process claim, did not name the hearing officer as a defendant, and did not even allege the identity of the hearing officer in the Complaint or allege the procedures followed at his termination hearing. Plaintiff simply alleged that the actions of a person perhaps totally unrelated to the hearing but also employed by NDOT—it is not clear from the Complaint what role, if any, Dicianno had in the hearing itself—affected the outcome of the hearing.[1]  The claim was insufficient as a matter of law.  Even assuming that Defendant's alleged perjury in the Justice Court could constitute a procedural (or substantive) due process violation because of the taint it had on the hearing, Plaintiff's only allegation of perjury was that Defendant did not in fact fear him.  But Plaintiff alleged no personal knowledge that could possibly give rise to this conclusion, e.g., an overheard conversation or intercepted message indicating that Dicianno did not fear Plaintiff.  Plaintiff did not allege the falsity of any of Defendant's factual testimony about Plaintiff's words or actions, but simply concluded that it was "perjury" because Dicianno did not in fact subjectively fear

---

[1] Termination hearing officers for state employees in Nevada appear to be appointed and employed by the Nevada Department of Personnel, and hence the (unidentified) hearing officer in this case was presumably independent both from Dicianno individually and from NDOT generally. *See* Nev. Rev. Stat. § 284.091.

1  him. He alleged no basis for knowing this. Plaintiff also alleged that there was no objective
2  basis for such a fear, but even ignoring the evidence adduced by Defendant that tended to prove
3  the objective reasonableness of such a fear, the issue was precluded from relitigation here due to
4  the Justice Court's order.
5      In summary, the claim was obviously without merit to the Court. However, the claim
6  would not have been so obviously without merit to the average attorney as to warrant fee shifting
7  in a civil rights case under the Ninth Circuit's frivolity test. Procedural due process is an oft-
8  misunderstood theory, and counsel's error in attempting to apply the theory in the present case
9  was a common error.

## CONCLUSION

11     IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 17) is
12 DENIED. Counsel remains free to submit a bill of costs to the Clerk for taxation.
13     IT IS SO ORDERED.

Dated this 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge